# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**CASE NO.:**

**JUAN RANGEL**,

        Plaintiff,

v.

**WILSON LOGISTICS, INC.,** a Foreign Profit Corporation**;** and **DONALD WAYNE CLAUSSEN, JR.,**

        Defendants.

## **DEFENDANTS' NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**

**COMES NOW**, WILSON LOGISTICS, INC. and DONALD WAYNE CLAUSSEN, JR. (hereinafter referred to as "Defendants"), by and through their undersigned attorney, within the time prescribed by law, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and Rule 81(c) of the Federal Rules of Civil Procedure, petition this Court for removal of the above-captioned action from the 11th Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2022-010546-CA-21, to the United States District Court for the Southern District of Florida, Miami Division. In support therefor respectfully state the following:

### I.   BACKGROUND INFORMATION

1. On or about June 8, 2022 the Plaintiff, JUAN RANGEL, (hereinafter referred to as ("Plaintiff"), filed a personal injury negligence action in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida  (Case No. 2022-010546-CA-21) based upon an

accident occurring on or about February 22, 2021 at Del Rosario Enterprises, Inc. in Medley, Florida. [Exhibit 1: Plaintiff's Complaint]

2. On July 27, 2022, WILSON LOGISTICS, INC. (WILSON LOGISTICS) filed its Answer and Affirmative Defenses to Plaintiff's Complaint. [Exhibit 2: Wilson Logistics Answer]

3. This instant State Court Action is removable based on diversity of citizenship of the parties and because the claimed amount in controversy is in excess of $75,000.00, exclusive of interest, attorney's fees, and costs pursuant to 28 U.S.C. § 1332(a).

4. Pursuant to 28 U.S.C. § 1446, Defendants attached hereto as Composite Exhibit "B" and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 11th Judicial Circuit of the State of Florida in and for Miami-Dade County, together with a docket sheet from the Miami-Dade County Clerk of Court. Copies of these documents are attached as Exhibit 3.

## II.   REMOVAL FOR DIVERSITY JURISDICTION, GENERALLY

5. The instant State Court action may be Removed to this Honorable Court based upon diversity jurisdiction in accordance with 28 U.S.C. § 1441 and 28 U.S.C. § 1332.

6. Pursuant to 28 U.S.C. § 1441(a):

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district embracing the place where such action is pending.

*See* 28 U.S.C. §1441(a).

7. Further, 28 U.S.C. § 1441(b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to citizenship or residence of the parties. Any other

> such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

*See* 28 U.S.C. §1441(b).

8. Federal courts are courts of limited jurisdiction that were created by Congress with specified jurisdictional requirements and limitations. *Katz,* 2009 U.S. Dist. LEXIS 51705, at *2.

9. Additionally, federal jurisdiction is premised on either federal question or diversity of citizenship. *See* 28 U.S.C. §§1331 and 1332.

10. Moreover, diversity jurisdiction exists when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the plaintiff and the defendant are citizens of different states. *See* 28 U.S.C. § 1332(a).

11. "If a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of demonstrating the court's jurisdiction over the matter." *Katz,* 2009 U.S. Dist. LEXIS 51705, at *3. (*citing Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002)).

12. As demonstrated below, removal to this Honorable Federal Court is proper in this case as this Honorable Court has original jurisdiction over this civil action; specifically, there is complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

    **A.  Diversity of Citizenship**

13. "Under 28 U.S.C. § 1332(a), diversity of citizenship is required to establish diversity jurisdiction." *E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp.3d 1356, 1363 n. 2 (S.D. Fla. 2015). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "It is well established that a party's residence is

prima facie evidence of a party's domicile" and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, Inc., 2009 U.S. Dist. LEXIS 51705, Order Denying Motion for Remand (S.D. Fla., June 1, 2009).

14. For the reasons detailed below, this action satisfies the complete diversity of citizenship requirement set forth by 28 U.S.C. § 1332(a)(1).

### *i.     Both Defendants are Diverse from the Plaintiff*

15. Plaintiff's Complaint, Plaintiff alleges that he was and is a resident of Miami-Dade County, Florida. [Ex. 1: ¶2] This alone is *prima facie* evidence that he was domiciled in, and thus a citizen of, the State of Florida. *See Katz,* 2009 U.S. Dist. LEXIS 51705, at *3.

16. The Eleventh Circuit Court has held that, for purposes of determining diversity of citizenship, a corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Bel-Bel Int'l Corp. v. Community Bank*, 162 F.3d 11201, 1106 (citing 28 U.S.C. § 1332(c)(1)).

17. Defendant WILSON LOGISTICS, INC. is a foreign corporation incorporated in Missouri with its principal place of business in Missouri. WILSON LOGISTICS is a citizen of Missouri. [Exhibit 4: Missouri Secretary of State, Corporations Unit]

18. Furthermore, WILSON LOGISTICS is not actively incorporated in the State of Florida. Therefore, it is not a citizen of the State of Florida.

19. Co-defendant, Donald Wayne Claussen, Jr., is a resident of Cookeville, Tennessee. [Ex. A: ¶ 4] Mr. Claussen is a citizen of Tennessee.

### B. Amount in Controversy

20. Plaintiff's Complaint alleges that "[t]his is an action for damages which exceeds THIRTY THOUSAND ($30,000.00) DOLLARS." [Exhibit A at ¶1.]. Plaintiff has not pled any specific amount of damages sought.

21. The Complaint seeks damages for Plaintiff's alleged injuries and states as follows:

> Plaintiff, JUAN RANGEL, has been caused to suffer and will in the future continue to suffer at least the following damages: a. permanent bodily injury with a reasonable degree of medical probability; b. pain and suffering; c. permanent disability; d. permanent disfigurement; e. aggravation of an existing disease or physical defect; i. mental anguish; j. medical, rehabilitative, and attendant care expenses for the care and treatment of his serious personal injuries for the rest of his life; k. loss of capacity for the enjoyment of life; and l. All other damages allowed by law.

[Ex. A: ¶19 and ¶ 26].

22. When a plaintiff files a case in state court, and fails to plead a specific amount of damages, the removing defendant must only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirements. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). Thus, a removing defendant need only show that "the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

23. By correspondence dated February 18, 2022, Plaintiff's counsel directed a $5,000,000.00 (Five Million Dollars) demand to WILSON LOGISTICS "as full and final settlement of this claim." [Exhibit 5: Plaintiff's Demand]

24. Based on Counsel's evaluation of the case at $5,000,000.00, Plaintiff's disclosed medical bills to date of at least $32,290.95, along with the damages that Plaintiff is seeking, it is clear that

the amount in controversy herein exceeds the $75,000.00 threshold for diversity jurisdiction under 28 U.S.C. §1332.

### C. Timely Notice of Removal

25. This Notice of Removal is timely filed pursuant to the provisions of 28 U.S.C. § 1446 as it has been filed within thirty (30) days of the Defendant's receipt of Plaintiff's Complaint. 28 U.S.C. § 1446.

26. Lastly, Venue is proper in the Miami Division of this Court pursuant to 28 U.S.C. §1446 as the state court action originated in Miami-Dade County.

27. Defendants have filed the removal fee contemporaneously with its Removal Petition.

28. Pursuant to 28 U.S.C. §1446(d), Defendants have provided written notice of the removal of the State Court Action to Plaintiff's counsel and has filed a Notice of Filing this Notice of Removal with the State Court. A true and correct copy of the Notice of Filing Defendants' Notice of Removal is attached hereto as Exhibit 6.

WHEREFORE, for all the foregoing reasons, the Defendants, WILSON LOGISTICS, INC. and DONALD WAYNE CLAUSSEN, JR., hereby request this Honorable Court to accept jurisdiction over this matter via Removal from State Court on grounds of diversity jurisdiction, and for such other relief as deemed just and proper.

Dated: July 29, 2022

*(Certificate of Service on following page)*

## **CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that on July 29, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day upon the attached service list, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive Notices of Electronic Filing.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
*Attorneys for Defendants*
100 SE Second Street, Suite 2100
Miami, Florida 33131
Telephone:   305-374-2275
Facsimile:    305-579-0261

By:   */s/ Camille Blanton*
CAMILLE BLANTON, Esq.
Florida Bar No.: 143685
Camille.blanton@wilsonelser.com
SHAWNA PERAU, Esq.
Florida Bar No.: 1026407
Shawna.perau@wilsonelser.com