# EXHIBIT 1

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO: 2022-010546-CA-21

JUAN RANGEL,

          Plaintiff(s),

vs.

WILSON LOGISTICS, INC, a Foreign
Profit Corporation; and DONALD
WAYNE CLAUSSEN, JR.

          Defendant(s).

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, JUAN RANGEL, by and through the undersigned counsel hereby files this Complaint and sues Defendant, WILSON LOGISTICS, INC, a Foreign Profit Corporation, and DONALD WAYNE CLAUSSEN, JR. and in furtherance thereof states as follows:

### JURISDICTIONAL ALLEGATIONS AND IDENTIFICATION OF PARTIES

1. This is an action for damages which exceeds the sum of THIRTY THOUSAND ($30,000.00) DOLLARS exclusive of interest and costs and is otherwise within the jurisdictional limits of this Honorable Court.

2. At all times material to this cause, the Plaintiff, JUAN RANGEL, was and is a resident of Miami-Dade County, Florida, and is otherwise sui juris.

3. At all times material to this cause, the Defendant, WILSON LOGISTICS, INC., was and is a Foreign Profit Corporation, authorized and licensed to do business in Miami-Dade

1

County, Florida by the operation of its vehicle at Del Rosario Enterprises, Inc., 7341 NW 79 Terrace, in Medley, Miami-Dade County, Florida.

4.      At all times material to this cause the Defendant, DONALD WAYNE CLAUSSEN, JR. (hereafter referred to as "CLAUSSEN"), was and is a resident of Cookeville, TN and is otherwise *sui juris*.

5.      At all times material hereto, Defendant, WILSON LOGISTICS, INC., was the owner of a 2020 Peterbilt Tractor vehicle.

6.      On or about February 22, 2021, and at all times material hereto, Defendant, CLAUSSEN, an agent of the Defendant, WILSON LOGISICS, INC., and acting within the course and scope of his employment, was operating the above-described 2020 Peterbilt vehicle, at the loading dock of Del Rosario Enterprises, Inc., in Medley, Florida, with the express and/or implied permission of the Defendant, WILSON LOGISICS, INC.

7.      At all times material hereto, Defendant, WILSON LOGISTICS, INC., was the owner of the 2020 Peterbilt vehicle, being driven by Defendant, CLAUSSEN, with Defendant, WILSON LOGISTICS, INC.'s express and/or implied permission, when Defendant, CLAUSSEN, suddenly pulled the said tractor/trailer away from the bay located at Del Rosario Enterprises, Inc. in which the Plaintiff, JUAN RANGEL, was unloading merchandise from the trailer.

8.      At all times material hereto, Plaintiff, JUAN RANGEL, was an employee of Del Rosario Enterprises, Inc. and was unloading merchandise from the Defendant's vehicle.

9.      Venue is proper in Miami-Dade County, Florida, because the cause of action accrued in Miami-Dade County, Florida.

10.    All conditions precedent to this cause of action have been fully performed or otherwise waived.

2

## FACTS GIVING RISE TO CAUSE OF ACTION

11.    On February 22, 2021, the Plaintiff, JUAN RANGEL, was an employee of Del Rosario Enterprises, Inc. and was unloading merchandise from the back of the New Prime, Inc. trailer, which was attached to the vehicle owed by Defendant WILSON LOGISTICS, INC.

12.    At said time and place, CLAUSSEN suddenly pulled the said tractor/trailer away from the bay located at Del Rosario Enterprises, Inc. while JUAN RANGEL was unloading merchandise from the trailer in question.

13.    At all times material hereto, the Defendant, WILSON LOGISTICS, INC., had a duty to maintain and operate the above tractor/trailer in a reasonably safe manner and to discover dangerous conditions either created by its servants, agents, or employees or created by other persons and to give notice to persons lawfully using its trailer including, but not limited to, the Plaintiff.

## COUNT I – NEGLIGENCE AS TO WILSON LOGISTICS, INC.

14.    Plaintiff readopts and re-alleges paragraphs 1 through 13 above, as fully as if said paragraphs were stated herein.

15.    At all times material hereto, the Defendant, WILSON LOGISTICS, INC., had a duty to operate the above tractor/trailer in a reasonably safe manner and to discover dangerous conditions either created by its servants, agents, or employees or created by other persons and to give notice to persons lawfully upon its tractor/trailer including, but not limited to, the Plaintiff, JUAN RANGEL.

16.    At said time and place, the Defendant, WILSON LOGISTICS, INC., their agents, servants and/or employees acting within the scope and course of their employment breached

3

their duty, and carelessly and negligently operated said tractor/trailer when the driver of the tractor/trailer suddenly pulled away from the docking bay causing the Plaintiff's to fall to the ground. The Defendant WILSON LOGISTICS, INC., knew, or should have known, that someone unloading its trailer could have been injured when making such a sudden move.

17.    Additionally, Defendant, WILSON LOGISTICS, INC., failed to warn the Plaintiff, JUAN RANGEL, of the dangerous condition, causing the Plaintiff to sustain the permanent injuries.

18.    Defendant, WILSON LOGISTICS, INC., further failed in its duty to the Plaintiff, JUAN RANGEL, as above alleged by one or more of the following:

      a.    by failing to give the Plaintiff notice or warning that the Defendant's employee was about to make a sudden move away from the loading bay;

      b.    by carelessly and recklessly operating the tractor/trailer in a dangerous manner;

      c.    by being otherwise negligent and careless in the operation of its tractor/trailer.

19.    As a direct and proximate result of the foregoing negligence, Plaintiff, JUAN RANGEL, has been caused to suffer and will in the future continue to suffer at least the following damages:

      a.    permanent bodily injury with a reasonable degree of medical probability;

      b.    pain and suffering;

      c.    permanent disability;

      d.    permanent disfigurement;

      e.    aggravation of an existing disease or physical defect;

      i.    mental anguish;

      j.    medical, rehabilitative and attendant care expenses for the care and treatment of

4

his serious personal injuries for the rest of his life;

k.  loss of capacity for the enjoyment of life; and

l.  All other damages allowed by law.


## COUNT II –NEGLIGENCE OF DEFENDANT DRIVER, CLAUSSEN

20.  Plaintiff adopts and re-alleges by reference all material paragraphs (1 through 13) and further alleges:

21.  At the above-described location on February 22, 2021, Defendant, CLAUSSEN, carelessly, imprudently, and negligently operated the above-described tractor/trailer lawfully owned by Defendant, WILSON LOGISTICS, INC., causing said vehicle to suddenly move away from the loading bay in which the Plaintiff, JUAN RANGEL, was unloading merchandise.

22.  At such time and place, Defendant, CLAUSSEN, was negligent, and acted negligently in at least the following acts of omission/commission:

a)  failing to use due care;

b)  failing to keep a proper lookout;

c)  failing to warn others of his intentions;

d)  failing to prudently and reasonably operate or control his tractor/trailer vehicle;

e)  failing to maintain control over his tractor/trailer vehicle such that it would not negligently and suddenly move away from the loading bay;

f)  failing to provide sufficient and adequate warning;

g)  failing to maintain his vehicle safely and ensure its equipment is working safely and properly; and

5

h) violating other applicable laws of the State of Florida.

23.     At all times material hereto, Defendant, CLAUSSEN, had a duty to drive carefully and safely and operate his vehicle prudently in Miami-Dade County, Florida.

24.     At all times material hereto, Defendant, CLAUSSEN, breached that duty to Plaintiff, JUAN RANGEL, by negligently and unlawfully and suddenly moving away from the loading bay in which Plaintiff, JUAN RANGEL, was unloading merchandise, causing the above-described accident.

25.     As a direct and proximate result of Defendant, CLAUSSEN'S negligence, Plaintiff, JUAN RANGEL, has suffered and will continue to suffer from serious permanent injuries as will be described herein below.

26.     As a direct and proximate result of the foregoing negligence, Plaintiff, JUAN RANGEL, has been caused to suffer and will in the future continue to suffer at least the following damages:

   a.   permanent bodily injury with a reasonable degree of medical probability;

   b.   pain and suffering;

   c.   permanent disability;

   d.   permanent disfigurement;

   e.   aggravation of an existing disease or physical defect;

   i.   mental anguish;

   j.   medical, rehabilitative and attendant care expenses for the care and treatment of his serious personal injuries for the rest of his life;

   k.   loss of capacity for the enjoyment of life; and

   l.   All other damages allowed by law.

6

## COUNT III - VICARIOUS LIABILITY OF DEFENDANT, WILSON LOGISTICS, INC.

27.     Plaintiff adopts and re-alleges by reference all material paragraphs (1 through 13) and further alleges:

28.     At the above-described location on February 22, 2021, Defendant, CLAUSSEN, acting within the course and scope of his employment with Defendant, WILSON LOGISTICS, INC, carelessly, imprudently, and negligently operated the above-described vehicle (lawfully owned by Defendant, WILSON LOGISTICS) causing said vehicle to suddenly move away from the loading bay in which the Plaintiff, JUAN RANGEL, was unloading merchandise.

29.     As a direct and proximate result of Defendant, CLAUSSEN'S negligence, Plaintiff, JUAN RANGEL, has suffered and will continue to suffer from serious permanent injuries as will be described herein below.

30.     As the lawful owner of the 2020 Peterbilt Tractor and employer of Defendant, CLAUSSEN, Defendant, WILSON LOGISTICS, INC., is and was subject to all laws, rules and/or regulations governing the ownership of motor vehicles within the State of Florida.  As such, Defendant, WILSON LOGISTICS, INC., was and is vicariously liable for its negligent operation on or about February 22, 2021.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, JUAN RANGEL, files this Complaint suing the Defendants, WILSON LOGISTICS, INC. and DONALD WAYNE CLAUSSEN, JR, for compensatory damages in an amount within the jurisdictional limits of this Court, to-wit: in excess of FIFTEEN THOUSAND ($15,000.00) DOLLARS, exclusive of interest and costs, and

7

demands trial by jury of all issues triable as of right by a jury.

Dated this ___ day of June, 2022.

MORALES & CERINO, P.A.
Counsel for Plaintiff
158 East 49 Street
Hialeah, FL 33013
Telephone: (305) 819-0800
Facsimile: (305) 819-2822

JOHN T. GETZ
Florida Bar No. 991198
jgetz@mcpalegal.com
jcarbana@mcpalegal.com

8